ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY *v.* FRANCIS.

Opinion delivered November 21, 1927.

1. EJECTMENT—SUFFICIENCY OF DEEDS.—In a suit for ejectment, deeds under which the defendant claimed title, not sufficiently describing the premises, should have been excluded.

2. ADVERSE POSSESSION—INSTRUCTION AS TO CONTINUOUS POSSESSION. —In a suit for ejectment, where defendant claimed by adverse possession, an instruction on the issue of adverse possession should have contained the word "continuous" in describing the character of possession required.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; reversed.

*E. T. Miller* and *Warner, Hardin & Warner,* for appellant.

*C. M. Wofford* and *Dave Partain,* for appellee.

HUMPHREYS, J.   This is a suit in ejectment brought by appellant against appellee, in the circuit court of Crawford County, to recover possession of the following described real estate in Crawford County, Arkansas, to-wit:   One lot 60 ft. x 120 ft. in the town of Schaberg, Arkansas, beginning at the southwest corner of the northwest quarter of southeast quarter section 10, township 12 north, range 30 west; thence north 235 2/3 feet to place of beginning; thence 60 feet east; thence 120 feet south, then 60 feet west; thence 120 feet north, to place of beginning.   Also one lot 40 feet east and west and 60 feet north and south on the northwest quarter of the southeast quarter of section 10, township 12 north, range 30 west, in the town of Schaberg, covering the location of the J. M. Moore store building, except that it extends 10 feet further south than said store buildings, as evidenced by iron stakes and foundation ditches as they stand when this deed is made.

Appellant alleged that it acquired title to the land under a decree of the Federal court of the Western District of Arkansas on October 3, 1896, in a suit between it and M. M. Saylor, who homesteaded the land on January 27, 1890, and that appellee had taken possession thereof and refused to relinquish same upon demand.

Appellee filed an answer, denying appellant's ownership of the lands, alleging ownership thereof in himself, through mesne conveyances from M. M. Saylor, the patentee; also that he had acquired title thereto by adverse possession thereof for more than seven years.

The cause was submitted upon the pleadings, testimony introduced by the respective parties, and instructions of the court, resulting in a verdict in favor of appellee and a consequent judgment dismissing appellant's complaint, from which is this appeal.

The lots in controversy are part of appellant's right-of-way, title to which was quieted in appellant by the

United States Circuit Court at Fort Smith, Arkansas, in 1896, in a suit wherein appellant was plaintiff and M. M. Saylor was defendant. Appellant introduced this decree and based its right to recover thereon.

Appellee introduced, over appellant's objection and exception, mesne conveyances from M. M. Saylor and his heirs, claiming that said deeds described the lots in controversy. Appellant objected to the introduction of the several deeds upon the ground that none of them sufficiently described the lands in question, or else are so indefinite and uncertain that they described no lots at all. We deem it unnecessary to set out these descriptions in this opinion, as to do so could serve no useful purpose. We think the court should have excluded the deeds for insufficiency in description, and should have sent the case to the jury upon the sole question of pedal possession. The issue of pedal possession for seven years was submitted to the jury, but upon instructions which did not carry the idea that such possession must have been continuous to entitle appellee to acquire title by adverse possession—continuous in the sense that appellee had not, at any time, abandoned the possession of the particular land actually occupied by him. In other words, the instructions given declaring the law of pedal possession should have contained the word "continuous." The issue of pedal possession was beclouded by the instruction given relative to appellee's acquisition of title by deed. This issue should not have been submitted to the jury, and may have misled them in reaching a verdict. There was no competent evidence upon which to base the instruction relative to the acquisition of the lands by deed. The deeds introduced by appellee did not sufficiently describe the lots in controversy, and should have been excluded.

On account of the error indicated the judgment is reversed, and the cause is remanded for a new trial.